FILED

11/19/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0099

DA 23-0099

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 275N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

MATTHEW M. MAYS,

Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-09-60
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Jay Reno, Jay Reno, PLLC, Sequim, Washington

For Appellee:

Austin Knudsen, Montana Attorney General, Christine Hutchison,
Assistant Attorney General, Helena, Montana

Matthew Jennings, Interim Missoula County Attorney, Missoula,
Montana

Submitted on Briefs:  September 11, 2024

Decided:  November 19, 2024

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Matthew Morgan Mays (Mays) appeals a December 13, 2022 Judgment from the Fourth Judicial District Court, Missoula County, revoking his suspended sentence for Conspiracy to Commit Burglary. Mays contends that he was denied effective assistance of counsel when his attorney failed to challenge whether Mays was the predominate aggressor, resulting in the District Court revoking his suspended sentence. We affirm.

¶3 In 2009, Mays pleaded guilty in two separate cases, DC-09-60 (Conspiracy to Commit Burglary) and DC-07-419 (Robbery), in the Fourth Judicial District Court. For DC-09-60, the District Court sentenced him to the Department of Corrections (DOC) for a suspended five-year term to run consecutively to a ten-year sentence in DC-07-419. On January 27, 2012, the District Court revoked Mays's sentence in DC-07-419 and imposed an eight-year sentence to the DOC with six-and-a-half years suspended. Mays discharged his sentence for DC-07-419 on July 15, 2021, and began serving his five-year term for DC-09-60.

¶4 Early in the morning of September 18, 2022, police responded to reports of an altercation at a residence. Arriving officers found Mays's wife, S.M. She was distraught

2

and had visible injuries, including a bloody nose and a swollen eye. One of the responding officers later testified that the residence "looked disheveled, like an altercation had taken place." S.M. told officers that Mays had assaulted her and then fled on foot. Officers located Mays an hour later and arrested him for Partner or Family Member Assault (PFMA). Mays had a small laceration on his arm but no other observable injuries. Mays admitted he and S.M. had fought but denied instigating the altercation. Officers searched Mays and found 0.4 grams of methamphetamine on his person.

¶5      On September 19, 2022, Mays submitted to a urinary analysis test, which tested positive for methamphetamine. He also admitted to recently consuming alcohol. Mays signed a DOC probation substance use admission form, admitting he had violated the terms of his suspended sentence when he ingested methamphetamine on September 16, 2022, and consumed alcohol on September 17, 2022.

¶6      At a November 18, 2022 evidentiary hearing, Mays's attorney challenged law enforcement's determination that Mays was the predominate aggressor via his questioning of S.M. and the responding officer. Mays's attorney questioned S.M. as to who instigated the initial altercation. The attorney further questioned S.M. regarding whether she had yelled at Mays and whether she had previously been charged with PFMA against Mays. She admitted to getting upset about Mays's uncle repeatedly asking her for a cigarette, prompting her to yell at Mays to have his uncle stop "hounding [her]." While she admitted to the previous charge of PFMA against Mays, she explained that she defended herself and her daughter from him and that the charge was later dropped. Defense counsel asked her

3

if she had struck Mays at all during the September 18, 2022 altercation and she admitted to "probably" striking him in self-defense. Mays's attorney questioned Officer Josh Mirabella (Mirabella), who responded to the residence and was later present following the arrest of Mays, regarding how he made the determination Mays was the predominate aggressor. Mirabella answered that his determination was based on his observations of S.M.'s distraught condition when he arrived at her home, comparing the severity S.M.'s injuries to the relative lack of injuries on Mays, and the initial call reporting a woman's voice screaming "don't" and "get off me." Based on this testimony and testimony from Mays's probation officer regarding his admission of substance abuse in violation of his probation, the court found Mays guilty of three counts of violating the terms of his suspended sentence in DC-09-06: (1) PFMA as a violation of the condition he obey all laws, (2) his possession of methamphetamine, and (3) his admission of consuming methamphetamine and alcohol. The District Court revoked Mays's suspended sentence and remanded him to DOC custody.

¶7 On appeal, Mays challenges the revocation, arguing that his defense counsel did not provide him with effective assistance because his attorney failed to challenge his arrest for PFMA and the evidence obtained from the subsequent search.

¶8 Ineffective assistance of counsel claims involve mixed questions of law and fact which we review de novo. *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861 (citation omitted). The right to counsel is guaranteed to criminal defendants by the United States Constitution and the Montana Constitution. U.S. Const. amend. VI; U.S.

4

Const. amend. XIV; Mont. Const. art. II, § 24.  To succeed on an ineffective assistance of counsel claim, the defendant must prove two elements.  *Whitlow*, ¶ 10 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)).  First, the defendant must prove that counsel's performance was deficient.  *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.  Second, the defendant must prove that this deficient performance prejudiced their case.  *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.  If the defendant fails to satisfy one of the *Strickland* prongs, there is no need to address the other prong.  *Whitlow*, ¶ 11.

¶9      When addressing ineffective assistance of counsel claims on direct appeal, we must first consider whether the claims are record based.  *State v. Kougl*, 2004 MT 243, ¶ 14, 323 Mont. 6, 97 P.3d 1095.  This Court must be able to determine why defense counsel performed in a particular manner based on the record alone.  Omissions of trial counsel are frequently ill-suited for direct appeal because often the record does not reflect counsel's reasons for failing to object.  *State v. Sartain*, 2010 MT 213, ¶ 31, 357 Mont. 483, 241 P.3d 1032 (quotation omitted).  "If, as is usually the case, the claim is based on matters outside the record on appeal, we will refuse to address the issue on appeal and allow the defendant to file a postconviction proceeding where he/she can develop a record as to 'why' counsel acted as alleged, thus allowing the court to determine whether counsel's performance was ineffective or merely a tactical decision."  *Kougl*, ¶ 14.

¶10     Here, Mays's claim of ineffective assistance of counsel is not based on information contained within the record and is therefore not appropriate to consider on direct appeal.  Mays argues his attorney was deficient in questioning S.M. and Mirabella during the

evidentiary hearing. First, Mays contends his attorney should have objected to the arrest and subsequent search on the grounds that Mirabella failed to properly investigate and gather information with which he could evaluate the statutory factors to determine who was the predominate aggressor as required by § 46-6-311(2)(b), MCA, to justify the arrest. Second, Mays argues his attorney failed to thoroughly question S.M. on her involvement in the initial altercation. Mays asserts that there was no plausible justification for his attorney's failure to challenge the arrest and the resulting evidence. However, our review of the record shows that Mays's attorney questioned Mirabella about whether he had considered the § 46-6-311(2)(b), MCA, factors to justify arresting Mays as the predominate aggressor. Mays was plausibly attempting to establish that he acted in self-defense. Mays's attorney could possibly have been pursuing this narrative in questioning S.M. about whether she had struck Mays at all in the altercation and, if so, whether he was rightfully arrested for being the predominate aggressor. There is a strong presumption that counsel's performance was based on sound trial strategy and falls within a wide range of reasonable professional conduct. *State v. McCaulou*, 2022 MT 197, ¶ 29, 410 Mont. 291, 518 P.3d 862 (citation omitted). Accordingly, the record suggests at least a plausible justification for defense counsel's omissions, but we cannot ultimately determine "why" counsel made the decisions here from the record alone. *Sartain*, ¶ 31. Thus, we conclude that Mays's ineffective assistance of counsel claims cannot be reviewed on direct appeal and dismiss them without prejudice to raise in a post-conviction proceeding.

6

¶11     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶12     Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE